UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

|  |  |
|---|---|
| MICHAEL HERGENROEDER, ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Cause No.  3:17-cv-00178 |
| ) | |
| BROWN & JOSEPH, LTD., ) | |
| *Defendant*. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d), 28 U.S.C. §1331, and 28 U.S.C. §1337(a).

3. Venue is proper in this district under 28 U.S.C. §1391(b)(c) in that the Defendant transacts business here and the conduct complained of occurred here.

**PARTIES**

4. Plaintiff Michael Hergenroeder (hereinafter "Hergenroeder") is a natural person residing in Collinsville, Illinois and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Brown & Joseph, LTD (hereinafter "B & J") is a Delaware Corporation authorized to conduct business under the laws of the State of Illinois and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

6. B & J regularly attempts to collect debts alleged to be due another.

7. The acts of B & J alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

8. Hergenroeder incurred an alleged debt obligation with Cigna and/or the Life Insurance Company of North American (hereinafter "the subject debt").

9. That the subject debt arose out of a transaction in which money, services, or property, which was the subject of the transaction, was primarily for personal, family, and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

10. Hergenroeder allegedly defaulted on the subject debt.

11. On November 25, 2015, Hergenroeder filed a Chapter 7 Bankruptcy in the Southern District of Illinois which included the former debt obligation at issue herein. A copy of the relevant portion of Hergenroeder's bankruptcy petition reflecting the alleged subject debt is attached hereto as "Exhibit A".

12. Cigna was notified of Hergenroeder's bankruptcy filing and discharge as described below.

13. On March 22, 2016, Hergenroeder received an Order of Discharge in his Chapter 7 proceeding. A copy of said Order of Discharge is attached hereto as "Exhibit B."

14.     B & J acquired the subject debt from Cigna after Plaintiff's discharge from bankruptcy and after Cigna itself tried to collect on the discharged obligation.

15.     That on or about October 13, 2016, B & J attempted to collect on the nonexistent and discharged debt ($15,268.00) via a letter to Hergenroeder. A copy of said collection letter is attached hereto as "Exhibit C."

16.     That as a result of B & J's acts, Hergenroeder has experienced out of pocket expenses and emotional distress due to fear that his bankruptcy had not absolved him of his pre-bankruptcy debt obligation including the alleged subject debt herein.

## CAUSE OF ACTION

17.     Hergenroeder repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18.     The conduct of B & J as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

19.     B & J violated 15 U.S.C §1692e, 15 U.S.C. §1692e (2), 15 U.S.C. §1692f, and 15 U.S.C §1692f (1) by stating that Plaintiff owed $15,268.00 for the alleged subject debt, despite the debt being discharged on March 22, 2016.

20.     B & J violated the "discharge injunction" as set forth at 11 U.S.C. § 524o by attempting to collect on the alleged subject debt despite it being included in and discharge by Hergenroeder's bankruptcy proceedings.

## JURY DEMAND

21.     Please take notice that Plaintiff demands trial by jury in this action.

WHEREFORE, Plaintiff Michael Hergenroeder prays that judgment be entered against Defendant Brown & Joseph, LTD. for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k; and

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, Indiana 46060
Ph. (317) 203-3000
tcohron@bhclegal.com